SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JASON W. KEARNAGHAN, Cal. Bar No. 207707
Y. DOUGLAS YANG, Cal. Bar No. 307550
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:    213.620.1398
E mail         jkearnaghan@sheppardmullin.com
               dyang@sheppardmullin.com

Attorneys for EL CENTRO REGIONAL MEDICAL CENTER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA KENNEDY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EL CENTRO REGIONAL MEDICAL CENTER, a municipal hospital; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. '22CV1522 BEN MDD<br><br>Removed from Imperial County Superior Court, Case No. ECU002399<br><br>**DEFENDANT EL CENTRO REGIONAL MEDICAL CENTER'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (FEDERAL QUESTION JURISDICTION)**<br><br>Complaint Filed: May 23, 2022<br>First Amended Complaint Filed: June 24, 2022<br>Second Amended Complaint Filed: September 22, 2022 |

**TO THE COURT, PLAINTIFF VICTORIA KENNEDY, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1332 and 1441 *et seq.*, Defendant El Centro Regional Medical Center ("ECRMC") removes to this Court the above-captioned action from the Imperial County Superior Court on the grounds of original jurisdiction based on a federal question. The following statement is submitted in accordance with 28 U.S.C. § 1446.

## JURISDICTIONAL STATEMENT

This action is a civil action involving a question of federal law. Accordingly, the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331.

## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

### I.  COMPLIANCE WITH STATUTORY REQUIREMENTS

1. On May 23, 2022, plaintiff Victoria Kennedy ("Plaintiff") commenced this wage and hour action against ECRMC in the Imperial County Superior Court as a putative class action, entitled *Victoria Kennedy v. El Centro Regional Medical Center*, Case No. ECU002399. The original Complaint and subsequent First Amended Complaint asserted California state law causes of action. On September 20, 2022, before ECRMC made an appearance in the state court action, and upon request by Plaintiff, the Parties stipulated to permit Plaintiff to file a Second Amended Complaint ("SAC"). The state court accepted the stipulation and deemed Plaintiff's SAC filed and served as of September 22, 2022. A true and correct copy of the state court's order granting leave for Plaintiff to file her SAC is attached hereto as **Exhibit A**.

2. The SAC asserts, for the first time, a collective action claim pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. A true and correct copy of the Second Amended Complaint is attached as **Exhibit B**.

3. Pursuant to 28 U.S.C. § 1446(d), ECRMC will promptly provide written Notice of Removal of this Action to Plaintiff and will promptly file a copy

of this Notice of Removal with the Clerk of the Superior Court of California for the County of Imperial.

4.  The United States District Court for the Southern District of California embraces Imperial County, the county in which this Action is brought.  In addition, Plaintiff's claims concern her purported employment with ECRMC – a public entity in the City of El Centro, which sits in Imperial County, California.  (Ex. B., ¶¶ 5-7).  Therefore, the United States District Court for the Southern District of California is a proper venue for this Action under 28 U.S.C. §§ 84(d), 1391(b), and 1441(a).

5.  ECRMC removes this case under 28 U.S.C. § 1441.  Removal is proper because, as stated below, the case involves a question of federal law.

## II. THERE IS A FEDERAL QUESTION UNDER THE FAIR LABOR STANDARDS ACT

6.  This action is a civil action of which this Court has original jurisdiction over federal questions pursuant to the provisions of 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

7.  The SAC alleges, among other things, that ECRMC violated the FLSA, 29 U.S.C. § 201, *et seq*., by (1) failing to pay "overtime premiums at the correct regular rate of pay to Plaintiff and the Collective Class for all their overtime hours worked," (Ex. B., ¶¶ 92-93); and (2) "failing to record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class", (id. at ¶¶ 94-95).  Accordingly, Plaintiff's Action is a civil action raising a federal question which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.  Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 700 (2003) (holding that state court lawsuits asserting an FLSA claim are removable to federal court pursuant to 28 U.S.C. § 1441).

## III. REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(B).

8.  Pursuant to 28 U.S.C. § 1446(b)(3), the instant Notice of Removal is

timely because it is filed within 30 days after receipt by ECRMC "of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." ECRMC has not filed a responsive pleading as to Plaintiff's SAC in state court. Copies of all other documents filed in the state court action are attached as **Exhibit C**.

9. Wherefore, ECRMC prays that the state court action now pending against it in the Superior Court for the State of California for the County of Imperial be removed to this United States District Court for the Southern District of California.

Dated: October 6, 2022         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Y. Douglas Yang
JASON KEARNAGHAN
Y. DOUGLAS YANG
Attorneys for Defendant EL CENTRO REGIONAL MEDICAL CENTER