EXHIBIT B

David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Cassandra A. Castro(SBN 334238)
ccastro@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102
Attorneys for Plaintiff Victoria Kennedy,
and all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| VICTORIA KENNEDY, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>EL CENTRO REGIONAL MEDICAL CENTER, a municipal hospital; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No.: ECU002399<br><br>SECOND AMENDED CLASS ACTION COMPLAINT<br><br>1. **Failure to Pay All Overtime and Double Time Wages**<br>2. **Unpaid Wages Due to Illegal Rounding**<br>3. **Failure to Provide Meal Periods**<br>4. **Violation of Fair Labor Standards Act, 29 U.S.C. §207**<br>5. **Failure to Pay All Wages Due at Separation**<br>6. **Unfair Competition**<br><br>**DEMAND FOR JURY** |

## I.      INTRODUCTION

This is an action brought by Plaintiff VICTORIA KENNEDY ("Plaintiff"), on her behalf and all others similarly situated, against EL CENTRO REGIONAL MEDICAL CENTER, a municipal hospital ("ECRMC"), and other as of yet unnamed DOE Defendants 1-100 (hereinafter collectively "Defendants") alleging, among other things violations of the California Labor Code, the California Business & Professions Code §17200, *et seq.*, and Federal law. Plaintiff seeks damages, attorneys' fees and costs of suit.  Plaintiff is informed and believes, and on that basis alleges, as follows:

## II.      GENERAL ALLEGATIONS

1.      This class action arises from wage and hour violations for, among other things, Defendants' failure to compensate 10-hour and 12-hour shift hourly non-exempt employees in compliance with California law. As more fully described herein, Defendants failed and continue to fail to compensate Plaintiff and class members for all earned daily overtime pay, overtime and double time premiums based on the correct regular rate of pay, and minimum, overtime, and/or double time wages due to illegal rounding, fail to provide legally compliant meal breaks and/or meal period premium pay in lieu thereof at the correct regular rate of pay, and engages in other Labor Code violations.

2.      Plaintiff seeks among other things, all wages, restitutionary disgorgement, and statutory penalties. Plaintiff seeks to represent the following Class:

> All current and former 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 4 years prior to the filing of the original complaint through the date of class certification ("the Class").

3.      The Collective Class is made up of all persons currently or formerly employed as 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants at any time within three years of filing the original complaint in this action through the date of collective certification (the "Collective Class").

4.      This civil action seeks recovery of unpaid wages, waiting time penalties, and statutory penalties for Defendants' violations of California Labor Code ("Labor Code") §§200,

SECOND AMENDED CLASS ACTION COMPLAINT

*et seq.*, 203, 218, 218.5, 226.7, 510, 512, 1194, 1194.2, 1197, 1198 and the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)").

5. The term "Plaintiff" refers to Victoria Kennedy, who is the named Plaintiff Class Representative.

6. Plaintiff is a former 10-hour and 12-hour shift hourly non-exempt direct patient care employee for Defendants and a resident of the County of Riverside, State of California.

7. Plaintiff is informed and believes, and thereon alleges that ECRMC is a non-profit, acute care municipal hospital owned and operated by the City of El Centro, a charter city.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 100 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

9. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant DOES 1 through 100 are the partners, owners, shareholders, managers, joint employers, or alter egos of Defendant Employers, and were acting on behalf of Defendant Employers in the payment of wages to Plaintiff.

11. At all relevant times alleged herein Plaintiff was employed by Defendants, and Plaintiff held a position with Defendants in Imperial County, State of California.

### III. JURISDICTION AND VENUE

12. Jurisdiction is proper in this Court because it is a civil action where the amount in controversy, exclusive of interests and costs, exceeds the jurisdictional minimum of the Court.

SECOND AMENDED CLASS ACTION COMPLAINT

The acts and omissions complained of in this action took place in the State of California, and all Defendants have subjected themselves to the State of California.

13.     The California Superior Court has jurisdiction in this matter due to Defendants' violations of California Labor Code §1194, *et seq.*; Labor Code §201, *et seq.*; Labor Code § 226.7; Labor Code §500, *et seq.*; the applicable IWC Wage Order(s) and related common law principles.

14.     The Imperial County Superior Court is the proper venue for this action pursuant to CCP §395(a) and §395.5 as, at all relevant times, Defendants conducted business and engaged in acts and omissions which are subject matter of this Complaint in the County of Imperial. Defendants maintain a business location in El Centro, California, and Plaintiff and the other class members transacted Defendants' business within the County of Imperial and throughout the State of California.

**IV.     FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

15.     Plaintiff and the Class worked as 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees for Defendants.

16.     Throughout the period of 4 years prior to the filing of the original complaint through the date of class certification ("Class Period" or "relevant time period"), Plaintiff and all Class/Collective members were and are employees of Defendants, entitled to all of the protections afforded to employees under the Labor Code and applicable IWC Wage Orders pursuant to Cal. Gov. Code §37609.1(b).

17.     Defendants' primary business is the operation of an acute care hospital. This work is performed in part by Plaintiff and the Class/Collective members.

18.     During the relevant time period, Plaintiff and the Class/Collective members worked in excess of eight (8) hours in a workday, in excess of ten (10) hours in a workday, in excess of twelve (12) hours in a workday, and/or forty (40) hours in the workweek.

19.     During the relevant time period, Defendants failed to pay Plaintiff and Class/Collective members the full amount of overtime and double time wages based on their correct regular rate of pay.

20. During the Class Period, Defendants failed to include all items of remuneration in the calculation of the regular rate of pay, including but not limited to, alternative base rates and/or shift differentials.

21. When Class/Collective members worked shifts over eight (8) hours per day and/or over forty (40) hours per week, Defendants did not pay them daily overtime pay in accordance with the California Labor Code, the Fair Labor Standards Act ("FLSA"), and the applicable Wage Order.

22. Defendants failed to pay Plaintiff and the Class/Collective members overtime pay for daily overtime hours worked in a workday without exemption.

23. Throughout the Class Period, Defendants used an illegal rounding practice that failed to pay the Class/Collective members for all hours worked, meaning the time during which Plaintiff and the Class/Collective members were subject to the control of Defendants, including all the time Plaintiff and the Class/Collective members were suffered or permitted to work, whether or not required to do so.

24. Defendants conduct, as alleged herein, has caused Plaintiff and Class/Collective members damages including, but not limited to, loss of wages and compensation.

25. Defendants are liable to Plaintiff and the Class/Collective members for failing to pay overtime and double time wages for all hours worked based on the regular rate of pay, failing to pay minimum wage, overtime, and/or double time wages for all hours worked due to illegal rounding, failing to provide legally compliant meal periods, and failing to pay all wages owed upon termination.

26. Plaintiff is a member of and seeks to be the representative for the Class/Collective of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

27. Plaintiff and the Class were suffered and/or permitted to and worked in excess of eight (8) hours in a day without receiving all earned overtime pay for all overtime hours worked. Despite knowing that Plaintiff and the Class were working overtime hours, Defendants refused to pay the full amount of overtime premiums for all overtime hours worked.

28.     Plaintiff and the Class were suffered and/or permitted to and worked in excess of twelve (12) hours in a day without receiving all earned double time pay for all double time hours worked.   Despite knowing that Plaintiff and the Class were working double time hours, Defendants refused to pay the full amount of double time premiums for all double time hours worked.

29.     Throughout the Class Period, Defendants failed to authorize and permit legally compliant meal breaks. Plaintiff and Class members were assigned to and required to work shifts lasting over five (5) hours and were not provided nor allowed to take a thirty (30) minute uninterrupted off-duty meal break without exemption. Plaintiff and Class members were assigned to and required to work shifts lasting over ten (10) hours without a second thirty (30) minute uninterrupted off-duty meal break without exemption.

30.     Throughout the Class Period, Defendants rounded the timeclock entries associated with the meal period time punches for Plaintiff and the Class. Defendants' rounding of meal period timeclock entries resulted in late and/or short meal periods for Plaintiff and the Class, for which meal period premium pay remedies were not provided.

31.     Throughout the Class Period, Defendants failed and continue to fail to pay for meal period violations at the correct regular rate of pay.

32.     Defendants failed to pay Plaintiff and the Class all earned wages timely upon termination.  This includes, but is not limited to, unpaid minimum, overtime, and/or double time wages and/or meal period premiums at the regular rate of pay.

33.     The wage statements provided by Defendants failed to provide accurate information as to the number of and hourly rate for all hours worked, the net wages earned, and the gross wages earned per pay period.

34.     The underpayment of wages, Labor Code violations, and Wage Order violations upon Plaintiff and the Class are a consequence of Defendants' unlawful policies and practices which were centrally devised, implemented, communicated, and applied to Plaintiff and the Class.

35.     Because of Defendants' unlawful conduct, Plaintiff and the Class have been and

SECOND AMENDED CLASS ACTION COMPLAINT

continue to be systematically deprived of their earned wages to which they are entitled by law and deprived of other benefits of the Labor Code and applicable IWC Wage Orders, to the detriment of herself and the public at large.

## CLASS/COLLECTIVE DEFINITION AND CLASS/COLLECTIVE ALLEGATIONS

36.    Plaintiff brings this action on her own behalf and on behalf of all others similarly situated, pursuant to California Code of Civil Procedure §382, and as a member of the Class defined as follows:

All current and former 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 4 years prior to the filing of the original complaint through the date of class certification ("the Class").

**Sub-Class 1**
All current and former 10-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 4 years prior to the filing of the original complaint through the date of class certification. ("10-Hour Daily OT" Sub-Class).

**Sub-Class 2**
All current and former 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 4 years prior to the filing of the original complaint through the date of class certification. ("12-Hour Daily OT" Sub-Class).

**Sub-Class 3**
All current and former 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 4 years prior to the filing of the original complaint through the date of class certification who worked at least one shift of more than ten (10) hours and received overtime and/or double time pay and shift differential pay during the same pay period. ("Regular Rate" Sub-Class).

**Sub-Class 4**
All current and former 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 4 years prior to the filing of the original complaint through the date of class certification whose meal period timeclock entries were rounded. ("Rounded Late/Short Meal Period" Sub-Class).

**Sub-Class 5**
All current and former 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 4 years prior to the filing of the original complaint through the date of class certification who worked at least one shift of ten (10) hours or more. ("Second Meal Period" Sub-Class).

**Sub-Class 6**

All former 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 3 years prior to the filing of the original complaint through the date of class certification who are members of Sub-Classes 1 or 2 or 3 or 4 or 5. ("Waiting Time Penalties" Class).

37.     The Collective Class is made up of all persons currently or formerly employed as 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants at any time within three years of filing the original complaint in this action through the date of collective certification (the "Collective Class").

38.     Plaintiff reserves the right to amend or otherwise alter the class/collective definition presented to the Court at the appropriate time, or to alter, propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

39.     Further, this action is brought for the benefit of the public, who are entitled to restitution of those funds improperly withheld by Defendants.

40.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of the Code of Civil Procedure §382 and other applicable law.

41.     **Numerosity:** Members of the Class are so numerous that their individual joinder is impracticable. It is possible to ascertain the number of former and current employees who are members of the proposed class, but they are so numerous that joinder is impracticable. The proposed Class includes future employees (persons who are hired by defendant within the class period, but who are not now class members as current or former employees) whose joinder is currently impossible. The precise number of Class members and their addresses can be determined by Defendants' business records and will become known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, e-mail, the internet, or published and posted notice.

42.     **Typicality:** Plaintiff's claims are typical of the claims of members of the proposed classes. Defendants employed Plaintiff during the statutory period, and Plaintiff has been subjected to Defendants' unlawful employment practices, as alleged in this Complaint.

43.     **Adequacy of Class Representative:** Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff's interests do not conflict with Class members' interests, and Plaintiff has retained competent and experienced counsel. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

44.     **Common Questions of Law and Fact:** Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely individual members of the proposed Class:

a.  Whether Defendants violated the applicable Labor Code provisions including §§510, 1194, 1194.2 by failing to pay Plaintiff and the Class for all hours worked due to its rounding policy and practice;

b.  Whether Defendants improperly retained, appropriated or deprived Plaintiff and members of the proposed Plaintiff class of the use of monies or sums to which they were legally entitled;

c.  Whether Defendants engaged in a pattern or practice of failing to pay Plaintiff and the members of the Class the full amount of overtime wages, based on the regular rate of pay, for each hour in excess of eight (8) per day worked in violation of the applicable <u>Labor Code</u> provisions including §§510 and 1194;

d.  Whether Defendants failed to pay the appropriate premium overtime and double time compensation to Plaintiff and the Class members based on the correct regular rate of pay;

e.  Whether Defendants engaged in a pattern or practice of failing to provide Plaintiff and the members of the Class meal periods in violation of IWC Wage Order No. 5-2001 and Labor Code §§ 226.7, 512 by failing to timely provide the required number of 30-minute uninterrupted meal periods to Plaintiff and Class members;

f.  Whether Defendants engaged in a pattern or practice of failing to provide Plaintiff and the members of the Class meal periods in violation of IWC Wage Order No. 5-2001 and Labor Code §§ 226.7, 512 by rounding meal period

9

timeclock entries such that Plaintiff and Class members' short and/or late meal periods did not trigger meal period premium pay at the regular rate of compensation for each day there was a violation;

g.   Whether Defendants failed to pay meal period premium pay at the correct regular rate of compensation for each workday a legally compliant meal period was not provided to Plaintiff and the Class;

h.   Whether Defendants violated Labor Code §203 by failing to pay all wages due upon separation;

i.   Whether Defendants failed to provide accurate wage statements to Plaintiff and the members of the Class; and

j.   The nature and extent of class-wide injury and measure of damages for the injury.

45.   **Superiority and Substantial Benefit:** A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants implemented illegal schemes that are generally applicable to the members of the proposed plaintiff class and sub-classes. Damages suffered by each Class member may be relatively small given the burden and expense of individual prosecution of the complex and expensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if Class members could afford such individual litigation, the court system could not. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

46.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Plaintiff is informed and believes, and on that basis alleges, that the amount of money due each Class member as economic damages is ascertainable from Defendants' records or may readily be determined by other means.

47.   The Classes should also be certified because:

a.   The prosecution of separate actions by individual Class members would

10

create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

b.  The prosecution of separate actions by individual Class members creates the risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

c.  Defendants have acted or refused to act on grounds generally applicable to the Class, and/or general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

**Failure to Pay All Overtime and Double Time Wages**

**Violation of Labor Code §§510 and 1194; IWC Wage Order No. 5-2001**

(Against all Defendants)

48.  Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 47 of this Complaint.

49.  Plaintiff and the Class members herein were and are employed and scheduled as a matter of established company policy to work and in fact worked as non-exempt hourly employees in excess of eight (8) hours per day and/or in excess of eighty (80) hour per pay period.  Defendants employed and scheduled Plaintiff and the Class members without providing overtime compensation for such excess hours worked in violation of Labor Code §§510, 511, and 1194 and the relevant California Industrial Welfare Commission (IWC) orders.  Plaintiff is informed, believes, and thereon alleges that Defendants always had a written and verbal agreement to pay overtime at time and one half for all hours worked in excess of eight (8) per day and/or eighty (80) hours per pay period.

50.  Labor Code §510 mandates: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one

11

workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work."  The California overtime requirement and wage requirement are non-waivable rights pursuant to LC §219.

51.     Section 3(a)(1) of Wage Order No. 5-2001 ("WO 5-01") mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight hours in a day or forty hours in a week and two times their regular rate of pay for any work in excess of twelve hours in one day.

52.     Labor Code §1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

53.     Pursuant to Labor Code §§218 and 1194(a), Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the Division of Labor Standards Enforcement ("DLSE") and may recover such wages, together with interest thereon, penalties, attorneys' fees and costs.  Further, pursuant to Labor Code §1198, it is unlawful to employ person for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders.  WO 5-01, as amended, applies to Plaintiff.

54.     These Labor Code and Wage Order provisions apply to Plaintiff and the Class pursuant to Cal. Gov. Code §37609.1(b).

55.     However, Defendants have failed and refused to pay Plaintiff and the class members overtime compensation for all overtime hours worked in excess of eight (8) hours per

day as required by LC §§510, 1194 and the applicable Wage Orders.  Plaintiff is informed and believes and based thereon alleges that the obligations and responsibilities of the class employees are irrelevant because Plaintiff and all other similarly situated employees were subjected to Defendants' unlawful pay plans and its failure to pay daily overtime based on the regular rate of pay for all overtime hours worked in excess of eight (8) in a workday by Plaintiff and the class members.

56.     Defendants, and each of them, consistently administered a corporate policy which required Plaintiff and the Class members to work overtime without proper premium overtime pay based on the regular rate of pay.  Accordingly, Plaintiff and the Class members were and are entitled to overtime compensation, under California law, based on the appropriate regular rate of pay.  Defendants have failed to properly include items of remuneration when determining Plaintiff's and the Class Members' regular rate, this includes but is not limited to alternative base rates and/or shift differentials.

57.     Defendants, and each of them, consistently administered a corporate policy which required Plaintiff and the Class members to work double time without proper premium double time pay based on the regular rate of pay.  Accordingly, Plaintiff and the Class members were and are entitled to double time compensation, under California law, based on the appropriate regular rate of pay.  Defendants have failed to properly include items of remuneration when determining Plaintiff's and the Class Members' regular rate, this includes but is not limited to alternative base rates and/or shift differentials.

58.     Plaintiff and the class members have been deprived of rightfully earned overtime and double time compensation as a direct and proximate result of Defendants' common policies, practices, and refusal to pay the full amount of compensation earned for all overtime and double time hours worked.

59.     Plaintiff, and the class, are entitled to and seek the full amount of all earned unpaid overtime and double time pay, attorneys' fees and costs, and interest pursuant to LC §1194 in an amount to be determined at trial.

SECOND AMENDED CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING**

**In Violation of <u>Labor Code</u> §§510, 1194, 1194.2 & IWC Wage Order No. 5-2001**

60. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 47 of this Complaint.

61. <u>Labor Code</u> §510 mandates: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work." The California overtime requirement and wage requirement are non-waivable rights pursuant to <u>LC</u> §219.

62. Plaintiff and Class members were entitled to receive not less than minimum wage for all hours worked.

63. <u>Labor Code</u> §1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

64. <u>Labor Code</u> §1194.2 provides: "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

65. Further, pursuant to <u>Labor Code</u> §1197, payment of less than the minimum wage

14

fixed by the Labor Commission is unlawful.

66.     These Labor Code and Wage Order provisions apply to Plaintiff and the Class pursuant to Cal. Gov. Code §37609.1(b).

67.     Pursuant to the Labor Code and applicable Wage Order, Defendants are required to pay the members of the Rounding Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

68.     Plaintiff is informed, believes, and thereon alleges that Defendants' rounding policy and practice, resulted in compensable hours worked by Plaintiff and the Class members which were unpaid.  Defendants have an unlawful rounding policy that disproportionately impacts hourly employees which results in lost wages for hourly employees for all hours worked.

69.     Because Defendants required the members of the Rounding Class to remain under Defendants' control without paying therefore, this resulted in the members of the Rounding Class earning less than the legal minimum wage and/or overtime and/or double time for all hours worked.

70.     During the relevant statutory time period, Defendants systematically, routinely, and willfully failed to pay Plaintiff and Class members regular, minimum wages, overtime and double time wages due to its illegal rounding policy and practice.

71.     Defendants' rounding policy is designed in such a way that it deprives Plaintiff and the Class members of all wages for all time worked.  As a result of the Defendants' unfair rounding system Plaintiff and all class members have been systematically underpaid each pay period during the relevant time period.  Plaintiff is informed and believes and thereon alleges that he and the Class were not paid for all time worked.

72.     Defendants' pattern, practice and uniform administration of the corporate policy regarding illegal employee compensation as described herein is unlawful and, pursuant to Labor Code §§ 218, 218.5, 510, 1194, 1194.2, Plaintiff and the members of the Rounding Class are entitled to recover in a civil action the unpaid balance of the full amount of wages owing, calculated at the appropriate rate and liquidated damages for failure to pay the minimum wage.

15

73.     As a direct result, Plaintiff and the Class members have suffered, and continue to suffer, substantial damages in an amount to be proven at trial, and are entitled to all appropriate legal remedies provided by the California Labor Code and IWC Wage Orders, including unpaid wages, liquidated damages, interest, attorneys' fees and costs of suit.

74.     Pursuant to Labor Code §§ 218.6, 1194, and 3287, the members of the Rounding Class seek recovery of pre-judgment interest on all amounts of unpaid wages recovered herein.

75.     Plaintiff, and the class, are entitled to and seek attorneys' fees and costs, and interest pursuant to LC §§ 218.5 and 1194 in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 5-2001

(Against all Defendants)

76.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 47, inclusive, as though fully set forth herein.

77.     Labor Code §226.7 requires an employer to pay one additional hour of compensation, at the regular rate of pay, per day for each meal period the employer fails to provide pursuant to the Labor Code and/or applicable Wage Order.  Plaintiff alleges that Defendants failed to provide legally compliant meal periods to Plaintiff and the Class members; in addition to impeding, discouraging, and/or dissuading employees from taking legally compliant meal periods.  Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hours work period.  Plaintiff and the Class members consistently worked over five (5) hours or ten (10) hours in a shift without the requisite, timely, number of meal periods due to Defendants' policy of discouraging, dissuading and/or impeding Plaintiff from taking meal periods.  Defendants further failed to obtain legally compliant meal period waivers for shifts lasting longer than 10 hours.  Pursuant to the Code, Plaintiff was entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of work and a second meal period for hours worked over ten (10) in a day.

78.     Pursuant to Labor Code §512 and the applicable Wage Order, employees are

16

entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

79.     Section 11 of WO 5-01 applies to Plaintiff and the Class member, and provides, in pertinent part, that if an employer fails to provide an employee a legally compliant meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

80.     During the relevant time period, Defendants failed to authorize and permit uninterrupted meal breaks without exemption. Plaintiff and the Class were routinely required to work 10-hour and/or 12-hour shifts without Defendants providing two (2) uninterrupted meal breaks at the direction of Defendants and/or with Defendants knowledge or acquiescence.

81.     Defendants failed to provide, impeded and/or discouraged Plaintiff and the Class from taking meal breaks of not less than thirty (30) minutes as required by the Labor Code, and WO 5-01 §11.

82.     These Labor Code and Wage Order provisions apply to Plaintiff and the Class pursuant to Cal. Gov. Code §37609.1(b).

83.     During the relevant time period, Defendants had a policy and/or practice of rounding meal period timeclock entries, resulting in meal periods of less than thirty (30) minutes and/or late meal periods. As a result of Defendants' rounding of meal period times, Plaintiff and the Class were not provided meal period premium pay at the regular rate of compensation for all short and/or late meal periods.

84.     By its actions in requiring Plaintiff and the Class to work through meal periods, rounding meal period timeclock entries, and/or its failure to relieve Plaintiff and the Class of their duties for off-duty meal periods, Defendants violated California Labor Code §226.7 and §11 of IWC Wage Order No. 5-2001, and are liable to Plaintiff and the Class.

85.     Pursuant to Labor Code §226.7, Plaintiff and the Class are entitled to damages in an amount equal to one (1) hour of pay at no less than the regular rate of compensation per missed meal break per day, in a sum to be proven at trial.

86.     Pursuant to Labor Code §218.6 and Civil Code §3287, Plaintiff and the Class

Members seek recover of pre-judgment interest on all amounts recovered herein.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF FAIR LABOR STANDARDS ACT**

**Violation of 29 U.S.C. §201, *et seq.***

(Against all Defendants on behalf of Plaintiff and the Collective Class)

87.     Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this complaint as if fully set forth herein.

88.     At all relevant times, Defendants were an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant time, Defendants' employed employees, including Plaintiff and each member of the Collective Class.

89.     Plaintiff consents in writing to be a part of this action pursuant to 29 U.S.C. §216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

90.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for worked performed in excess of forty hours per workweek and at minimum wage for worked performed at forty hours or less per workweek.

91.     Plaintiff and the Collective Class are entitled to be paid overtime compensation at the correct regular rate of pay for all overtime hours worked.

92.     Defendants, pursuant to its policies and practices, failed and refused to pay overtime premiums at the correct regular rate of pay to Plaintiff and the Collective Class for all their overtime hours worked.

93.     By failing to compensate Plaintiff and the Collective Class minimum wage and overtime compensation due to rounding, Defendants violated the FLSA, 29 U.S.C. §§201, *et seq.*

94.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and

18

practice of employment, in violation of the FLSA, 29 U.S.C. §§201, *et seq.*

95.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

96.    Plaintiff, on behalf of herself and the Collective Class, seeks damages in the amount of their respective unpaid overtime compensation and liquidated damages as provided by the FLSA, 29 U.S.C. §216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

97.    Plaintiff, on behalf of herself and the Collective Class, seeks recover of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b)

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE AT SEPARATION

### Violation of Labor Code §§201, 203

(Against all Defendants)

98.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 47 of this Complaint.

99.    Plaintiff and the Class members whose employment ended with Defendants during the relevant time period were entitled to be promptly paid all earned and unpaid wages at the time of termination, as required pursuant to Labor Code §§201 and 202, *et seq*.  Defendants refused and/or intentionally failed to promptly compensate Plaintiff and the other Class members all earned minimum, overtime, and/or double time wages, for all hours worked, as required under the Labor Code and/or the Fair Labor Standards Act ("FLSA"), and/or meal period premium pay at the time of separation.  Based on this Plaintiff and the Class members seek and are entitled to damages in the form of statutory waiting time penalties pursuant to LC §203.

100.    This Labor Code provision applies to Plaintiff and the Class pursuant to Cal. Gov. Code §37609.1(b).

101.    Plaintiff and the Class members whose employment terminated during the relevant time period were employees of Defendants covered by Labor Code §203 whose employment ended with Defendants.

102.     Accordingly, pursuant to Labor Code §203, Plaintiff and the Class members are entitled to waiting time penalties at an amount to be proven at trial.

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### In Violation of Business and Professions Code §§17200 *et seq*.

(Against all Defendants on Behalf of Plaintiff and the Class)

103.     Plaintiff and the class re-allege and incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

104.     Beginning on an exact date unknown to Plaintiff but believed to have occurred at least since 4 years before the filing of this action, Defendants have engaged in a pattern and practice of acts of unfair competition in violation of B&PC §17200, including the practices alleged herein.

105.     Defendants, and each of them, are "persons" as defined by Business and Professions Code §17201.

106.     Plaintiff seeks to enforce important rights affecting the public interest. Plaintiff sues on her own behalf and on behalf of the current, former, and future employees of the Defendants that were denied the full amount of all earned double time pay, overtime pay, regular wages and minimum wages to which they were entitled to be paid, at the correct regular rate of pay, under the Labor Code and/or the Fair Labor Standards Act, required to work shifts without legally compliant meal breaks and as parties harmed by Defendants unfair business practices.

107.     Plaintiff and the Class have suffered injuries-in-fact and have lost money as a result of the Defendants' unfair competition alleged herein.

108.     Defendants have previously or continue to engage in unlawful, unfair, and/or fraudulent business practices, as alleged in this Complaint, in violation of California's B&PC §17200 *et seq.* by:

        a.   Failing and refusing to pay the class, including Plaintiff, minimum wages for all hours worked in violation of Labor Code §§510, 1194, 1194.2,

20

&1197 and IWC Wage Order No. 5-2001;

    b.  Failing and refusing to pay the class, including Plaintiff, earned overtime and double time wages in violation of <u>Labor Code</u> §§510 and 1194 and IWC Wage Order No. 5-2001; and

    c.  Failing and refusing to pay the class, including Plaintiff, all earned overtime and double time wages, at the correct regular rate of pay, for all hours worked in violation of the Fair Labor Standards Act; and

    d.  Failing and refusing to provide the class, including Plaintiff, with meal breaks or premium payments in lieu thereof in violation of <u>Labor Code</u> §§226.7, 512 and IWC Wage Order No. 5-2001;

109. All of these allegations constitute unfair business practices and/or unlawful business practices in violation of California <u>B&PC</u> §17200, *et seq.*

110. Defendants have avoided payment of minimum wages, overtime wages, double time wages and other benefits as required by the California <u>Labor Code</u>, the California Code of Regulations and applicable IWC Wage Orders. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff, and others similarly situated, and the members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to the Class, including Plaintiff.

111. Plaintiff and the putative class seek full restitution of said monies, as necessary and according to proof, to restore any and all monies withheld and/or acquired by Defendants by means of the unfair, unlawful, and fraudulent business practices complained of herein. Plaintiff seeks, on behalf of all current and former employees of Defendants, restitution of monies retained by Defendants. Plaintiff further seeks, on behalf of herself and the putative class, the appointment of a receiver, as necessary, to establish the total restitutionary relief from Defendants. The restitution includes all wages withheld by Defendants as a result of the unfair, unlawful, and/or fraudulent business practices; including interest thereon. Absent a statutory provision specifically governing the type of claim at issue, the prejudgment interest rate is 10 percent. The acts complained of herein occurred, at least in part, within the last 4 years preceding

the filing of the Complaint.

112.    Plaintiffs is informed and believe and thereon allege that at all times herein mentioned, Defendants have engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC §17200, thereby depriving their employees and the putative class, the minimum working condition, standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein.  Plaintiff further seeks an order requiring Defendants to identify by full name, telephone number, and last known address for all California non-exempt employees who worked or still work for Defendants from 4 years preceding the filing of the original Complaint through the date of class certification.   Plaintiff further seeks an order requiring Defendants to timely pay restitution to all current and former employees, including back wages, and interest.

113.    By and through its unfair, unlawful, and/or fraudulent business practices and acts described herein, Defendants have obtained valuable services from Plaintiff and all persons similarly situated and has deprived Plaintiff and all persons similarly situated of valuable rights and benefits guaranteed by law, all to their detriment.

114.    Plaintiff, and all persons similarly situated, and all persons in interest, are entitled to and do seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiff and Class members have been deprived by mean of the herein described unfair, unlawful, and/or fraudulent business practices.

115.    Plaintiff, and all persons similarly situated, and all persons in interest, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful, and/or fraudulent, and declaratory relief of Defendants engaging in any of the herein described unfair, unlawful, and/or fraudulent business practices.

116.    Plaintiff and the Class request attorney's fees and costs pursuant to Code of Civil Procedure §1021.5 since this action is brought to vindicate important rights of a large class and the public.

### V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

SECOND AMENDED CLASS ACTION COMPLAINT

1.  An order that the action be certified as a class action;

2.  An order that Plaintiff be appointed class representative;

3.  An order that counsel for Plaintiff be appointed class counsel;

4.  An order requiring Defendants to identify, by name, address and telephone number all current and former 10-hour shift hourly non-exempt employees of Defendants for the period of 4 years prior to the filing of this action through the date of class certification;

5.  An order requiring Defendants to identify, by name, address and telephone number all current and former 12-hour shift hourly non-exempt employees of Defendants for the period of 4 years prior to the filing of this action through the date of class certification;

6.  Designation of this action as a collective action on behalf of the Collective Class and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the Collective Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. §216(b)

7.  For all unpaid wages due to Plaintiff and each Class member in amounts to be proven at trial;

8.  For the full amount of unpaid overtime and double time wages due Plaintiff and each Class member pursuant to Labor Code §1194;

9.  For Plaintiff and the Collective Class members:

    a)  Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times their regular rate of pay;

    b)  Liquidated damages in an amount equal to their unpaid overtimes compensation as allowed by the FLSA;

10. For restitution of all unpaid wages due Plaintiff and each Class member;

11. For all applicable statutory penalties, in amounts to be proven at trial;

12. For an award of waiting time penalties pursuant to section 203 of the California Labor

Code, in amounts to be proven at trial;

13. For general damages including compensatory damages according to proof;

14. For pre-judgment interest as allowed by <u>Labor Code</u> §§218.6 and 1194(a) as well as Cal. <u>Civil Code</u> §3287 and to the extent permitted by law, the California Constitution, and/or deemed equitable by the Court;

15. For all applicable interest on damages, wages, and penalties due;

16. For injunctive relief to prevent further violations of the California Labor Code;

17. For declaratory relief that Defendants violated <u>Labor Code</u> §§201-203, 226.7, 510, 512, 1194, and 1197;

18. For one (1) hour of pay at each of the employees' regular rate of compensation for each workday that a legally compliant meal break was not provided;

19. For costs of suit, expenses and attorneys' fees pursuant to <u>Labor Code</u> §1194(a), <u>Code of Civil Procedure</u> §1021.5, *et seq.*, 29 U.S.C. §216 and all other applicable law; and

20. For all such other and further relief that the Court may deem just and proper.

Dated: 9/16/2022                      **THE MYERS LAW GROUP, A.P.C.**


By: _____
      David P. Myers
      Jason Hatcher
      Cassandra A. Castro
      Attorneys for Plaintiff VICTORIA KENNEDY
      and all others similarly situated.

SECOND AMENDED CLASS ACTION COMPLAINT