UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA KENNEDY, on behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>EL CENTRO REGIONAL MEDICAL CENTER, a municipal hospital; and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No.: 22-CV-1522 JLS (LR)<br><br>**ORDER GRANTING JOINT STIPULATION TO COMPLETE STAY OF CASE PENDING FINAL SETTLEMENT AGREEMENT**<br><br>(ECF No. 15) |

  Presently before the Court is the Parties' Joint Stipulation to Complete Stay of Case Pending Final Settlement Agreement ("Joint Stip.," ECF No. 15). In its previous Order ("Order," ECF No. 14), the Court stayed this case until December 5, 2023, to allow the Parties to prepare for and attend private mediation. The Parties have now completed mediation and reached a "settlement in principle." Joint Stip. at 2. They therefore seek to stay this action for another forty-five days so that they may "finaliz[e] a long form settlement agreement." *Id.*

The Parties specifically request that the Court stay Plaintiff's deadline to file an amended complaint. *Id.* They explain that if Plaintiff files said amended complaint, Defendant will need to dedicate resources to responding that are better spent finalizing the Parties' settlement agreement. *Id.*

The Ninth Circuit described the factors that a district court must consider when determining whether to grant a stay in *CMAX, Inc. v. Hall*:

> A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

300 F.2d 265, 268 (9th Cir. 1962).

The first factor—possible damage—counsels against a stay. True, both named Parties seek to stay these proceedings. Joint Stip. at 2. But per the operative Complaint, Plaintiff seeks to certify a collective action under the federal Fair Labor Standards Act ("FLSA"). *See* Notice Removal Ex. B. ("Second Am. Compl.") at 18–19, ECF No. 1-4. Delay in this case not only impacts the named plaintiff, but also harms those who might seek to join Plaintiff's collective action should it be certified. And the risk of such third-party harm is significant. The Ninth Circuit has recognized that the FLSA creates an "urgent . . . statutory right to minimum compensation." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Because the FLSA reflects the "strong congressional policy favoring prompt payment of wages," the Ninth Circuit has cautioned that district courts granting stays in FLSA cases should seek "satisfactory assurances" that the parties are "proceeding with diligence and efficiency." *See id.*

The other two *CMAX* factors, however, outweigh the first. Requiring the Parties to incur further litigation costs in a case that is likely to settle imposes unnecessary hardship. Moreover, enabling the Parties to finalize their settlement will obviate the need for the Parties to conduct resource-intensive litigation of issues such as the sufficiency of Plaintiff's amended complaint. As the Parties seek only forty-five additional days to finalize their settlement, the Court is persuaded that the benefits associated with the requested stay outweigh potential delay-related harm to third parties.

For the foregoing reasons, the Court **GRANTS** the Parties' Joint Stipulation. The Court therefore (1) **STAYS** this action until January 19, 2024, (2) **CONTINUES** Plaintiff's deadline to file an amended complaint until that same date, and (3) **VACATES** the Parties December 12, 2023 deadline to file a joint status report. If the Parties do not file documents to effect the settlement of this matter by January 19, 2024, however, the Parties **SHALL FILE** a joint status report (1) demonstrating that—despite their failure to reach an agreement—they have proceeded diligently and efficiently over the course of the Court's stay and (2) proposing appropriate next steps.

**IT IS SO ORDERED.**

Dated: December 11, 2023

Hon. Janis L. Sammartino
United States District Judge