David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff Victoria Kennedy,
and all others similarly situated.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA KENNEDY, on behalf of herself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>EL CENTRO REGIONAL MEDICAL CENTER, a municipal hospital; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No.: 22-CV-1522 JLS (LR)<br><br>THIRD AMENDED CLASS ACTION COMPLAINT<br><br>**2. Unpaid Wages Due to Illegal Rounding**<br><br>**4. Violation of Fair Labor Standards Act, 29 U.S.C. §207**<br><br>**5. Failure to Pay All Wages Due at Separation**<br><br>**DEMAND FOR JURY** |

## I. INTRODUCTION

This is an action brought by Plaintiff VICTORIA KENNEDY ("Plaintiff"), on her behalf and all others similarly situated, against EL CENTRO REGIONAL MEDICAL CENTER, a municipal hospital ("ECRMC"), and other as of yet unnamed DOE Defendants 1-100 (hereinafter collectively "Defendants") alleging, among other things violations of the California Labor Code and Federal law. Plaintiff seeks damages, attorneys' fees and costs of suit. Plaintiff is informed and believes, and on that basis alleges, as follows:

## II. GENERAL ALLEGATIONS

1. This class action arises from wage and hour violations for, among other things, Defendants' failure to compensate 10-hour and 12-hour shift hourly non-exempt employees in compliance with California law. As more fully described herein, Defendants failed and continue to fail to compensate Plaintiff and class members for all earned minimum wages and failed to timely pay all earned wages upon termination. The collective action arises from wage and hour violations, for among other things, Defendants' failure to compensate 10-hour and 12-hour shift hourly non-exempt employees in compliance with the Fair Labor Standards Act ("FLSA"). As more fully described herein, Defendants failed and continue to fail to compensate Plaintiff and the collective members for all earned minimum wages and overtime wages at the correct regular rate of pay.

2. Plaintiff seeks among other things, all wages, restitutionary disgorgement, and statutory penalties. Plaintiff seeks to represent the following Class:

> All current and former 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 3 years prior to the filing of the original complaint through the date of class certification ("the Class").

3. The Collective is made up of all persons currently or formerly employed as 10-hour and/or 12-hour shift hourly non-exempt direct patient care

2
THIRD AMENDED CLASS ACTION COMPLAINT

employees of Defendants at any time within three years of filing the original complaint in this action through the date of collective certification (the "Collective").

4.  This civil action seeks recovery of unpaid wages and waiting time penalties for the Class for Defendants' violations of California <u>Labor Code</u> ("<u>Labor Code</u>") §§200, *et seq.*, 203, 218, 218.5, 1194, 1194.2, 1197 and the applicable Wage Order issued by the California Industrial Welfare Commission.

5.  The term "Plaintiff" refers to Victoria Kennedy, who is the named Plaintiff Class/Collective Representative.

6.  Plaintiff is a former 10-hour and 12-hour shift hourly non-exempt direct patient care employee for Defendants and a resident of the County of Riverside, State of California.

7.  Plaintiff is informed and believes, and thereon alleges that ECRMC is a non-profit, acute care municipal hospital owned and operated by the City of El Centro, a charter city.

8.  The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 100 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

9.  Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant DOES 1 through 100 are the partners, owners, shareholders, managers, joint employers, or alter egos of Defendant Employers, and were acting on behalf of Defendant Employers in the payment of wages to Plaintiff.

11. At all relevant times alleged herein Plaintiff was employed by Defendants, and Plaintiff held a position with Defendants in Imperial County, State of California.

### III.   JURISDICTION AND VENUE

12. Jurisdiction is proper in this Court because of Federal Question Jurisdiction and supplemental jurisdiction.

13. Defendants conducted business and engaged in acts and omissions which are subject matter of this Complaint in the County of Imperial. Defendants maintain a business location in El Centro, California, and Plaintiff and the other class members transacted Defendants' business within the County of Imperial and throughout the State of California.

### IV.   FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

14. Plaintiff, the Class, and the Collective worked as 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees for Defendants.

15. Throughout the period of 3 years prior to the filing of the original complaint through the date of class certification ("Class Period" or "relevant time period"), Plaintiff and all Class members were and are employees of Defendants, entitled to protections afforded to employees for minimum wage and waiting time penalties under the Labor Code and IWC Wage Order. Plaintiff and all Collective members were and are employees of Defendants, entitled to protections afforded to employees for minimum wage and overtime wages under the FLSA.

16. Defendants' primary business is the operation of an acute care hospital. This work is performed in part by Plaintiff and the Class/Collective members.

17. During the relevant time period, Plaintiff and the Class/Collective members worked in excess of in excess of ten (10) or twelve (12) hours in a workday and/or forty (40) hours in the workweek.

18. During the relevant time period, Defendants failed to pay Plaintiff and Collective members the full amount of overtime wages based on their correct regular rate of pay. When Collective members worked workweeks over forty (40) hours per week, Defendants did not pay them overtime pay in accordance with the FLSA. Defendants failed to pay Plaintiff and the Collective members overtime pay without exemption.

19. Throughout the Class Period, Defendants used an illegal rounding practice that failed to pay the Class/Collective members for all hours worked, meaning the time during which Plaintiff and the Class/Collective members were subject to the control of Defendants, including all the time Plaintiff and the Class/Collective members were suffered or permitted to work, whether or not required to do so.

20. From September 30, 2020, through October 3, 2020, Defendant's record shows that Plaintiff recorded 40 Hours and 44 minutes based on her unrounded time entries. From October 4, 2020, through October 10, 2020, Defendant's record shows that Plaintiff recorded 40 Hours and 53 minutes based on her unrounded time entries. This equates to a total of 81 hours and 37 minutes for a two week pay period. Yet, Defendant's illegal rounding practice shaved this time to only 81 minutes, resulting in 37 minutes of unpaid (off-the-clock) work that results in unpaid earned minimum wages for all hours worked under the Labor Code/Wage Order and unpaid overtime wages pursuant to the FLSA. Plaintiff alleges that Defendant's illegal rounding practice resulted in a systematic underpayment of minimum wages for Plaintiff and the Class and unpaid overtime or minimum wages pursuant to the FLSA for Plaintiff and the Collective.

21. Defendant's records from September 30, 2020, through October 3,

2020; October 4, 2020, through October 10, 2020; and August 19, 2020, through August 22, 2020; further show the Special Code "COVID-19 HS" which references unpaid pre-shift Covid-19 temperature screenings. That is Plaintiff and the Class and the Collective members were required to stand in line before their scheduled start time for their shift, waiting their turn, to receive a temperature check. This required pre-shift screening was uncompensated and not recorded as hours worked resulting in underpaid minimum wages and/or unpaid overtime wages pursuant to the FLSA.

22. Defendant's conduct, as alleged herein, has caused Plaintiff and Class/Collective members damages including, but not limited to, loss of wages and compensation.

23. Defendants are liable to Plaintiff and the Collective members for failing to pay overtime wages for all overtime hours worked, based on the regular rate of pay, and failing to pay minimum wages for all hours worked due to illegal rounding.

24. Defendants are liable to Plaintiff and the Class members for failing to pay minimum wages for all hours worked due to illegal rounding and/or unpaid Covid-19 screenings and failing to pay all earned wages owed timely upon termination.

25. Plaintiff is a member of and seeks to be the representative for the Class/Collective of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

26. Throughout the Class Period, Defendants rounded the timeclock entries associated with time punches for Plaintiff, the Class, and the Collective.

27. Defendants failed to pay Plaintiff and the Class all earned wages timely upon termination. This includes, but is not limited to, earned but unpaid minimum wages and overtime wages at the correct regular rate of pay.

28. The underpayment of wages, Labor Code violations, and Wage Order violations upon Plaintiff and the Class are a consequence of Defendants' unlawful policies and practices which were centrally devised, implemented, communicated, and applied to Plaintiff and the Class.

29. Because of Defendants' unlawful conduct, Plaintiff and the Class have been and continue to be systematically deprived of their earned wages to which they are entitled by law and deprived of other benefits of the Labor Code and applicable IWC Wage Orders, to the detriment of herself and the public at large.

## CLASS/COLLECTIVE DEFINITION AND CLASS/COLLECTIVE ALLEGATIONS

30. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated, pursuant to FRCP Rule 23, and as a member of the Class defined as follows:

> All current and former 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 3 years prior to the filing of the original complaint through the date of class certification ("the Class").

**Sub-Class 1**

> All former 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants for the period of 3 years prior to the filing of the original complaint through the date of class certification. ("Waiting Time Penalties" Class).

31. The Collective is made up of all persons currently or formerly employed as 10-hour and/or 12-hour shift hourly non-exempt direct patient care employees of Defendants at any time within three years of filing the original complaint in this action through the date of collective certification (the "Collective").

32. Plaintiff reserves the right to amend or otherwise alter the class/collective definition presented to the Court at the appropriate time, or to alter, propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

33. This action has been brought and may be properly maintained as a class action pursuant to the provisions of FRCP Rule 23 and other applicable law.

34. **Numerosity:** Members of the Class are so numerous that their individual joinder is impracticable. It is possible to ascertain the number of former and current employees who are members of the proposed class, but they are so numerous that joinder is impracticable. The proposed Class includes future employees (persons who are hired by defendant within the class period, but who are not now class members as current or former employees) whose joinder is currently impossible. The precise number of Class members and their addresses can be determined by Defendants' business records and will become known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, e-mail, the internet, or published and posted notice.

35. **Typicality:** Plaintiff's claims are typical of the claims of members of the proposed classes. Defendants employed Plaintiff during the statutory period, and Plaintiff has been subjected to Defendants' unlawful employment practices, as alleged in this Complaint.

36. **Adequacy of Class Representative:** Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff's interests do not conflict with Class members' interests, and Plaintiff has retained competent and experienced counsel. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

37. **Common Questions of Law and Fact:** Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely individual members of the proposed Class:

a. Whether Defendants violated the applicable Labor Code provisions and Wage Order 5-01 §4 by failing to pay Plaintiff and the Class minimum wage for all hours worked due to its rounding policy and practice;

b. Whether Defendants improperly retained, appropriated or deprived Plaintiff and members of the proposed Plaintiff class of the use of monies or sums to which they were legally entitled;

c. Whether Defendants violated Labor Code §203 by failing to pay all earned minimum and overtime wages due upon separation;

d. The nature and extent of class-wide injury and measure of damages for the injury.

38. **Superiority and Substantial Benefit:** A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants implemented illegal schemes that are generally applicable to the members of the proposed plaintiff class and sub-classes. Damages suffered by each Class member may be relatively small given the burden and expense of individual prosecution of the complex and expensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if Class members could afford such individual litigation, the court system could not. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

39. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Plaintiff is informed and believes, and on that basis alleges, that the amount of money due each Class member as economic damages is ascertainable from Defendants' records or may readily be determined by other means.

40. The Classes should also be certified because:

a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class members creates the risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## SECOND CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING**

**In Violation of Labor Code §§ 1194, 1194.2, 1197 & Wage Order No. 5-2001**

41. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 40 of this Complaint.

42. The California minimum wage requirement is a non-waivable right pursuant to LC §219.

43. Plaintiff and Class members were entitled to receive not less than minimum wage for all hours worked.

44. Labor Code §1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage . . . including interest thereon, reasonable attorney's fees, and

costs of suit."

45. <u>Labor Code</u> §1194.2 provides: "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

46. Further, pursuant to <u>Labor Code</u> §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

47. Subdivision 4 of Wage Order 5 governs minimum wages and is applicable to public entities. Subdivision 4 states that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether remuneration is measured by time, piece, commission, or otherwise." Cal. Code Regs. tit. 8, § 11050(4)(B).

48. Pursuant to the Labor Code and applicable Wage Order, Defendants are required to pay the members of the Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

49. Plaintiff is informed, believes, and thereon alleges that Defendants' rounding policy and practice, resulted in compensable hours worked by Plaintiff and the Class members which resulted in unpaid minimum wage. Defendants have an unlawful rounding policy and practice that disproportionately impacts hourly employees which results in lost wages for hourly employees for all hours worked.

50. Because Defendants required the members of the Class to remain under Defendants' control without paying for such time, this resulted in the members of the Class earning less than the legal minimum wage for all hours worked.

51. During the relevant statutory time period, Defendants systematically, routinely, and willfully failed to pay Plaintiff and Class members minimum wages due to its illegal rounding policy and practice as well as unpaid Covid-19 temperature checks.

52. From September 30, 2020, through October 3, 2020, Defendant's record shows that Plaintiff recorded 40 Hours and 44 minutes based on her unrounded time entries. From October 4, 2020, through October 10, 2020, Defendant's record shows that Plaintiff recorded 40 Hours and 53 minutes based on her unrounded time entries. This equates to a total of 81 hours and 37 minutes for a two week pay period. Yet, Defendant's illegal rounding practice shaved this time to only 81 minutes, resulting in 37 minutes of unpaid (off-the-clock) work that results in unpaid earned minimum wages for all hours worked under the Labor Code/Wage Order and unpaid overtime wages pursuant to the FLSA. Plaintiff alleges that Defendant's illegal rounding practice resulted in a systematic underpayment of minimum wages for Plaintiff and the Class and unpaid overtime or minimum wages pursuant to the FLSA for Plaintiff and the Collective.

53. Defendant's records from September 30, 2020, through October 3, 2020; October 4, 2020, through October 10, 2020; and August 19, 2020, through August 22, 2020; further show the Special Code "COVID-19 HS" which references unpaid pre-shift Covid-19 temperature screenings. That is Plaintiff and the Class and the Collective members were required to stand in line before their scheduled start time for their shift, waiting their turn, to receive a temperature check. This required pre-shift screening was uncompensated and not recorded as hours worked resulting in underpaid minimum wages and/or unpaid overtime wages pursuant to the FLSA.

54. Defendants' rounding policy and practice is designed in such a way that it deprives Plaintiff and the Class members of all minimum wage payments for all hours worked. As a result of Defendants' unfair rounding system Plaintiff

12
THIRD AMENDED CLASS ACTION COMPLAINT

and all class members have been systematically underpaid minimum wages during the relevant time period. Plaintiff is informed and believes and thereon alleges that she and the Class were not paid minimum wages for all hours worked.

55.  Defendants' pattern, practice and uniform administration of the corporate policy regarding illegal employee compensation as described herein is unlawful and, pursuant to Labor Code §§ 218, 218.5, 1194, 1194.2, 1197 and Wage Order 5-01 §4, Plaintiff and the members of the Class are entitled to recover in a civil action the unpaid balance of the full amount of minimum wages owed and liquidated damages for failure to pay the minimum wage.

56.  As a direct result, Plaintiff and the Class members have suffered, and continue to suffer, substantial damages in an amount to be proven at trial, and are entitled to all appropriate legal remedies provided by the California Labor Code and IWC Wage Orders, including unpaid minimum wages, liquidated damages, interest, attorneys' fees and costs of suit.

57.  Pursuant to Labor Code §§ 218.6 and 1194, and 3287, the members of the Class seek recovery of pre-judgment interest on all amounts of unpaid wages recovered herein.

58.  Plaintiff, and the class, are entitled to and seek attorneys' fees and costs, and interest pursuant to LC §§ 218.5 and 1194 in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF FAIR LABOR STANDARDS ACT**

**Violation of 29 U.S.C. §201, *et seq.***

(Against all Defendants on behalf of Plaintiff and the Collective)

59.  Plaintiff re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this complaint as if fully set forth herein.

60.  At all relevant times, Defendants were an "employer" engaged in

13
THIRD AMENDED CLASS ACTION COMPLAINT

interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed employees, including Plaintiff and each member of the Collective.

61. Plaintiff consents in writing to be a part of this action pursuant to 29 U.S.C. §216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

62. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for worked performed in excess of forty hours per workweek and at minimum wage for worked performed at forty hours or less per workweek.

63. Plaintiff and the Collective are entitled to be paid overtime compensation at the correct regular rate of pay for all overtime hours worked.

64. Defendants, pursuant to its policies and practices, failed and refused to pay overtime premiums at the correct regular rate of pay to Plaintiff and the Collective for all their overtime hours worked.

65. By failing to compensate Plaintiff and the Collective minimum wage and overtime compensation due to rounding, Defendants violated the FLSA, 29 U.S.C. §§201, *et seq.*

66. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Collective, Defendants failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§201, *et seq.*

67. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

68. Plaintiff, on behalf of herself and the Collective, seeks damages in the amount of their respective unpaid overtime compensation and liquidated damages

as provided by the FLSA, 29 U.S.C. §216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

69. Plaintiff, on behalf of herself and the Collective, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b)

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE AT SEPARATION

**Violation of Labor Code §§201, 203**

(Against all Defendants)

70. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 69 of this Complaint.

71. Plaintiff and the Class members whose employment ended with Defendants during the relevant time period were entitled to be promptly paid all earned and unpaid wages at the time of termination, as required pursuant to Labor Code §§201 and 202, *et seq*. Defendants refused and/or intentionally failed to promptly compensate Plaintiff and the other Class members all earned minimum wages for all hours worked as required under the Labor Code and/or the FLSA and/or all earned overtime wages under the FLSA. Based on this Plaintiff and the Class members seek and are entitled to damages in the form of statutory waiting time penalties pursuant to LC §203.

72. Plaintiff and the Class members whose employment terminated during the relevant time period were employees of Defendants covered by Labor Code §203 whose employment ended with Defendants.

73. On or about November 11, 2020, Plaintiff submitted a resignation and her employment ended with Defendant on or about 2 weeks later. Pursuant to Labor Code §202, Defendant was legally obligated to furnish Plaintiff all earned wages due, including unpaid earned minimum wages pursuant to the Labor Code/Wage Order and unpaid earned overtime wages pursuant to the FLSA, within

seventy-two (72) hours of her last day worked. To date, Defendant has failed to pay Plaintiff all earned minimum wages as alleged herein, and overtime wages pursuant to the FLSA as alleged herein, including but not limited to the 55 minutes of unpaid work time recorded as alleged herein (*See supra* for time periods 9/30/2020 to 10/3/2020; 10/4/2020 – 10/10/2020; and 8/14/2020 – 8/22/2020) and uncompensated time for the required Covid-19 health screenings. Plaintiff alleges that the same or similar failure to pay all earned wages timely upon separation occurred against the members of Sub-Class 1.

74. Accordingly, pursuant to Labor Code §203, Plaintiff and the Class members are entitled to waiting time penalties at an amount to be proven at trial.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. An order that the action be certified as a class action and collective action;
2. An order that Plaintiff be appointed class representative and collective representative;
3. An order that counsel for Plaintiff be appointed class counsel;
4. An order requiring Defendants to identify, by name, email address, address, and telephone number all current and former 10-hour and 12-hour shift hourly non-exempt employees of Defendants for the period of 3 years prior to the filing of this action through the date of class/collective certification;
5. Designation of this action as a collective action on behalf of the Collective and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. §216(b)

6. For all unpaid wages due to Plaintiff and each Class member in amounts to be proven at trial;

7. For all unpaid minimum wages and liquidated damages pursuant to the California Labor Code, Wage Order and FLSA;

8. For Plaintiff and the Collective members:
   a) Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times their regular rate of pay;
   b) Liquidated damages in an amount equal to their unpaid overtimes compensation as allowed by the FLSA;

9. For restitution of all unpaid wages due Plaintiff and each Class member;

10. For an award of waiting time penalties pursuant to section 203 of the California Labor Code, in amounts to be proven at trial;

11. For general damages including compensatory damages according to proof;

12. For pre-judgment interest as allowed by Labor Code §§218.6 and 1194(a) as well as Cal. Civil Code §3287 and to the extent permitted by law, the California Constitution, and/or deemed equitable by the Court;

13. For all applicable interest on damages, wages, and penalties due;

14. For injunctive relief to prevent further violations of the California Labor Code;

15. For declaratory relief that Defendants violated Labor Code §§201-203, 1194, and 1197;

16. For costs of suit, expenses and attorneys' fees pursuant to Labor Code §1194(a), Code of Civil Procedure §1021.5, *et seq.*, 29 U.S.C. §216 and all other applicable law; and

17. For all such other and further relief that the Court may deem just and proper.

Dated: 1/19/24                **THE MYERS LAW GROUP, A.P.C.**

                              By: /s/Jason Hatcher
                              David P. Myers
                              Jason Hatcher
                              Attorneys for Plaintiff VICTORIA KENNEDY and all others similarly situated.

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: 1/19/24                **THE MYERS LAW GROUP, A.P.C.**

                              By: /s/Jason Hatcher
                              David P. Myers
                              Jason Hatcher
                              Attorneys for Plaintiff VICTORIA KENNEDY and all others similarly situated.